IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND M. KRUSHIN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-16-1540 |
| | : | |
| DOCTOR GUNNER KOSEK, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| RAYMOND M. KRUSHIN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-16-2140 |
| | : | |
| DOCTOR GUNNER KOSEK, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

October 28, 2016

**Background**

Raymond M. Krushin, an inmate presently confined at the State

1

Correctional Institution, Waymart, Pennsylvania (SCI-Waymart) filed both of the above captioned pro se civil rights actions pursuant to 42 U.S.C. § 1983.  Both complaints regard events which allegedly transpired during Plaintiff's prior confinement at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania.

    Named as Defendants in the initially filed action are Correct Care Solutions, the Luzerne County Prison Infirmary/Medical staff together with the following Luzerne County Prison officials:  Doctor Gunner Kosek, Doctor Diaz; Lieutenant Amien; Warden James Larson; and Captain Kevin Gallagher.  Plaintiff alleges that he was provided with insufficient medical care and subjected to inadequate conditions of confinement.  Service of the initial Complaint was recently ordered and a response has not yet been filed.

    Krushin then filed a second action which was also assigned to the undersigned.  The Defendants named in Plaintiff's second action, Krushin, Civil Action No. 4:CV-16-2140, are the same as in his initially filed Complaint with the exception of Lieutenant Amien.  It raises similar, at times identical, contentions of denial of adequate medical care and unconstitutional conditions of confinement.

    For the reasons outlined below, this Court will direct that the above cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the

consolidated matter will proceed under <u>Krushin</u>, Civil Action No. 4:CV-16-1540, the initially filed complaint.

**<u>Discussion</u>**

> Rule 42 (a) of the Federal Rules of Civil Procedure states:
>
> (a)  **Consolidation**.  If actions before the court involve a common question of law or fact, the court may:
>
>   (1)  join for hearing or trial any or all matters at issue in the actions;
>   (2)  consolidate the actions; or
>   (3)  issue any other orders to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

The alleged facts set forth in each of the above described Complaints are similar in almost all respects.  As noted earlier, the arguments set forth in the respective actions similarly claim that there was deliberate indifference to Plaintiff's medical needs and the conditions of his confinement were inadequate.  Moreover, the proceedings in both actions are at an early juncture.

Consequently, since the above described actions contain common factors of law and fact, this Court will order the consolidation of Krushin's latest complaint into his earlier action pursuant to Rule 42(a) and will proceed with the consolidated matter under Plaintiff's initially filed action, Civil Action No. 4:CV-

3

16-1540.

In addition, Defendant Correct Care Solutions' motion for an enlargement of time to file a response to the initial complaint will be granted and the Defendants will be provided with additional time to submit a response to the consolidated complaints.

                BY THE COURT:

                s/ Matthew W. Brann
                Matthew W. Brann
                United States District Judge